**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RICHARD LEROY PARKER, <br><br> Defendant. | No. 17-CR-1034-LRR <br><br> **ORDER** |

## *I. INTRODUCTION*

The matters before the court are Defendant Richard Leroy Parker's "Motion in Limine" ("Defense Motion") (docket no. 60) and the government's "Motion in Limine" ("Government Motion") (docket no. 62) (collectively, the "Motions").

## *II. RELEVANT PROCEDURAL HISTORY*

On August 24, 2017, a grand jury returned an Indictment (docket no. 2) charging Defendant with one count of distribution of a controlled substance near a protected location resulting in death in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), 851 and 860(a), and two counts of possession with intent to distribute a controlled substance near a protected location in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), 851 and 860(a). *See* Indictment at 1-4. On December 21, 2017, Defendant filed the Defense Motion. On that same date, the government filed the Government Motion. On December 27, 2017, Defendant filed a Response to the Government Motion (docket no. 74). On December 28, 2017, the government filed a Resistance to the Defense Motion ("Government Resistance") (docket no. 76). On January 11, 2018, the court held a Final Pretrial Conference, at which the parties addressed the Motions. *See* January 11, 2018 Minute Entry (docket no. 96).

### III. ANALYSIS

In the Motions, the parties seek preliminary rulings on several evidentiary issues. The court will first address the issues on which the parties agree and those which were addressed by the court on the record at the Final Pretrial Conference. The court will then discuss any remaining issues.

#### A. *Issues Previously Resolved*

For the reasons stated on the record at the Final Pretrial Conference, the court shall grant the Government Motion in its entirety. The court shall grant the Defense Motion in part as to the relief requested in paragraphs 2, 3 and 5. The court shall also grant in part the relief requested in paragraph 1 as to any evidence of Defendant's prior criminal convictions. The Defense Motion paragraph 1 is denied as to Defendant's 2005 conviction for Robbery, which is admissible under Federal Rule of Evidence 609.

#### B. *Remaining Issue*

*1. Sexual relations*

In the Defense Motion, Defendant asks that the court exclude evidence that Defendant "had sexual relations with E.M. on the night in question." Motion at 1. Defendant contends that such evidence is irrelevant and unduly prejudicial. *See* Brief in Support of Defense Motion (docket no. 60-1) at 5-6. Defendant also asks the court to exclude any statements that E.M. would never date an African American man. *See id*. Defendant contends that evidence on these matters is irrelevant under Federal Rule of Evidence 401 and unduly prejudicial under Federal Rule of Evidence 403. The government does not resist the Defense Motion as to statements that E.M. would never date an African American man. *See* Brief in Support of Government Resistance (docket no. 78-1) at 5. The government resists the Defense Motion as to Defendant and E.M.'s sexual relations on the night in question. *Id*. at 5-7. The government contends that such evidence is relevant to "tell[] the story of E.M.'s condition prior to her death" and "to any expert's opinion, and the jury's ultimate determination, of what caused E.M.'s death."

2

*Id*. at 6-7.

Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also United States v. Mora*, 81 F.3d 781, 783 (8th Cir. 1996) ("Relevance of evidence 'is established by any showing, however slight, that [the evidence] makes it more or less likely that the defendant committed the crime in question.'" (alteration in original) (quoting *United States v. Casares–Cardenas*, 14 F.3d 1283, 1287 (8th Cir. 1994))). Federal Rule of Evidence 403 permits the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403.

On questions of relevance, the court is mindful that "[a] jury is entitled to know the circumstances and background of a criminal charge." *United States v. Strong*, 826 F.3d 1109, 1115 (8th Cir. 2016) (quoting *United States v. Moore*, 735 F.2d 289, 292 (8th Cir. 1984)). A jury "cannot be expected to make its decisions in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." *Id*. (quoting *Moore*, 735 F.2d at 292).

The court concludes that evidence that Defendant and E.M. had sexual relations on the night in question is relevant to the charges against Defendant. *See* Fed. R. Evid. 401(a). E.M.'s physical activity prior to her death is relevant as to the medical examiner's opinion on the cause of her death. However, the court does not believe that any details of the sexual conduct are relevant. Therefore, the court shall deny paragraph 4 of the Defense Motion as to the fact that Defendant and E.M. had sexual relations, and grant paragraph 4 as to any statements that E.M. would never date an African American man and as to any specific details of the sexual conduct.

3

## IV.  CONCLUSION

In light of the foregoing, the Government Motion is **GRANTED**.  The Defense Motion is **GRANTED IN PART** and **DENIED IN PART**.

The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects.  Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order.  If during the presentation of the evidence a party believes that a prohibited subject has become relevant, the party may request an opportunity to argue for admissibility outside the presence of the jury.  Each ruling in this Order is binding on all parties.

**IT IS SO ORDERED.**

**DATED** this 12th day of January, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA