## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

RICHARD PARKER,

        Defendant.

No. 17-CR-1034 LRR

**ORDER ON DEFENDANT'S
MOTION TO PROCEED *PRO SE***

_____

This matter is before the Court pursuant to defendant's *pro se* motion requesting the right to represent himself. (Doc. 128). The court held a hearing on February 6, 2018, on defendant's motion. Defendant had previously moved to represent himself and the Court held a hearing on that occasion as well. (Doc. 56). Defendant was convicted after a jury trial of drug-related offenses which carry mandatory life sentences. He is awaiting sentencing. For the reasons stated in the hearing and as follows, the Court grants defendant's motion to represent himself.

## I.    DISCUSSION

A criminal defendant has a Sixth Amendment right to waive appointed counsel and proceed *pro se*. *Faretta v. California*, 422 U.S. 806, 835 (1975). To ensure that defendant's motion was knowing, intelligent, and voluntary, the court engaged in a colloquy with defendant.

The Court inquired into defendant's education and experience in the criminal justice system. Defendant has no formal legal training, but he has significant experience in the criminal justice system and has previously represented himself. From the Court's observations throughout the hearings, the Court found defendant to be intelligent and thoughtful, that he understood everything that was discussed, he was responsive and

attentive, his speech was normal, and his thought process rational and goal oriented. There was nothing in the Court's observations of defendant that suggested he did not fully understand the proceedings and the factors at issue in his decision to waive court appointed counsel and represent himself at trial. He also discussed the legal research he has conducted and the legal issues he believes are at issue in his case. Without making any conclusion about the merits of any of defendant's arguments, it is clear to the Court that he has given considerable thought to the legal issues in the case.

The Court inquired into defendant's knowledge of the charges and had him describe his understanding of the charges, which defendant accurately did. The Court also inquired into defendant's knowledge of the sentencing statute (18 U.S.C. § 3553(a)) and the United States Sentencing Guidelines. Although defendant has no legal training regarding these sentencing authorities, he was familiar with them and understood that they would govern any sentencing hearing.

The Court discussed the maximum penalties defendant is facing if found guilty of the offenses. Defendant understands that his counts of conviction require the Court sentence him to a mandatory life sentence. The Court emphasized, however, that the law may change and that sentencing issues may become important in the future, even if they do not appear to be important now. Defendant stated that he understood this.

The Court also discussed the advantages of legal representation, and the disadvantages he would face if he represented himself. The Court discussed the superior legal knowledge and training of appointed counsel, and his attorney's knowledge and familiarity with the rules and procedures. The Court further explained that the trial judge would not help defendant if defendant chose to proceed pro se. The Court advised defendant that he would have to comply with all the same rules, procedures, and deadlines that would apply as if he was an attorney, and the judge would not give defendant any breaks simply because he represented himself. The Court advised defendant that the

sentencing statute and sentencing guidelines are complicated. The Court told defendant that it was not wise for him to represent himself; that trying a federal criminal case is very difficult and complex and seldom, if ever, goes well for a *pro se* defendant. Defendant stated that he understood all of the disadvantages of representing himself.

Defendant assured the Court that he still wanted to waive counsel and represent himself, and that his choice was voluntary.

## II. CONCLUSION

Having conducted the colloquy with defendant, the Court finds defendant's decision to waive counsel was knowing, intelligent, and voluntary. Therefore, the Court **grants** defendant's motion to represent himself. (Doc. 128). The Court appoints Assistant Federal Public Defender Melanie Keiper to serve as standby counsel. The Court explained that standby counsel is there to advise defendant and to assist him in obtaining legal research or materials, but defendant is free to use standby counsel or not. Standby counsel will not be conducting legal research or writing motions for defendant, and could not speak for defendant in court. Defendant stated he understood the role of standby counsel.

**IT IS SO ORDERED** this 7th day of February, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa