# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD LEROY PARKER,<br><br>Defendant. | No. 17-CR-1034-LRR<br><br>**ORDER** |

_____

## *TABLE OF CONTENTS*

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.  RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . *2*

*III. RELEVANT TRIAL EVIDENCE* . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV.  MOTION TO SUPPLEMENT* . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*V.   MOTION FOR NEW TRIAL* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *A.   Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *B.   Instruction on Lesser-Included Offense* . . . . . . . . . . . . . . . . *4*
    *C.   Constructive Amendment* . . . . . . . . . . . . . . . . . . . . . . . . *6*

*VI.  MOTION FOR JUDGMENT OF ACQUITTAL* . . . . . . . . . . . . . . . . . . . . *9*
    *A.   Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*
    *B.   Causation* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*
    *C.   Heroin and Cocaine* . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

*VII. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *14*

## *I. INTRODUCTION*

The matters before the court are Defendant Richard Leroy Parker's "Motion for Judgment of Acquittal" ("Acquittal Motion") (docket no. 134), Motion for New Trial (docket no. 135) and Motion to Supplement Reply ("Motion to Supplement") (docket no. 138).

## II. RELEVANT PROCEDURAL HISTORY

On August 24, 2017, a grand jury returned an Indictment (docket no. 2) against Defendant. Count 1 charged Defendant with distribution of a controlled substance near a protected location resulting in death, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 851 and 860(a), and Count 2 charged Defendant with possession with intent to distribute a controlled substance near a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 851 and 860(a). *See* Indictment at 1-3.[1] On January 16, 2018, a jury trial commenced. *See* January 16, 2018 Minute Entry (docket no. 116). On January 18, 2018, the jury returned a verdict finding Defendant guilty of Counts 1 and 2 of the Indictment. *See* Jury Verdict (docket no. 124). On February 21, 2018, Defendant filed the Motion for New Trial and the Acquittal Motion. On February 28, 2018, the government filed a Resistance (docket no. 136) to both motions. On March 7, 2018, Defendant filed a Reply (docket no. 137). On March 19, 2018, Defendant filed the Motion to Supplement. The matters are fully submitted and ready for decision.

## III. RELEVANT TRIAL EVIDENCE

Viewed in the light most favorable to the government, the relevant trial evidence is as follows:

On April 16, 2017, Defendant and E.M. were at the residence of a mutual friend. Defendant and E.M. drank alcohol throughout the day. Defendant was a regular user of crack cocaine, and he and E.M. smoked crack cocaine that day. Defendant was in possession of several grams of heroin and, at some point that evening, he and E.M. snorted some of the heroin that Defendant possessed. Shortly after midnight, E.M. was

---

[1] Count 3 of the Indictment charged Defendant with possession with intent to distribute a controlled substance near a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 851 and 860(a). *See* Indictment at 3-4. The court dismissed Count 3 prior to trial. *See* January 12, 2018 Order (docket no. 101).

found unresponsive and not breathing. Emergency responders arrived on scene and transported E.M. to the hospital, where she was pronounced dead.

Deputy Chief Medical Examiner Jonathan Thompson performed an autopsy on E.M. and a toxicology screen on her blood. Dr. Thompson described E.M.'s cause of death as mixed-drug toxicity involving cocaine, ethanol and heroin. He opined that the toxicity levels in E.M.'s blood indicated that she had used cocaine hours before her death, but that she had used heroin within thirty minutes of her death. He testified that the combination of cocaine and alcohol in E.M.'s system was potentially fatal, because cocaine can be fatal at any quantity. He also testified that the amount of heroin E.M. had consumed could have been fatal, especially if she was not a habitual heroin user.

Defendant testified that he did not regularly use heroin, but did admit that he brought heroin with him on April 16, 2017. He stated that he had purchased the heroin in Chicago several days prior, but believed that it was cocaine at the time of the purchase. He said that he intended to travel back to Chicago to return the heroin to the person from whom he had purchased it and exchange it for cocaine. Defendant testified that he did not give the heroin to E.M., but admitted that he let her use some after she urged him to do so.

The jury found Defendant guilty of Counts 1 and 2. The jury found that Defendant had only distributed heroin to E.M. The jury also found that E.M.'s death resulted from the use of the heroin that Defendant had distributed to her.

### IV. MOTION TO SUPPLEMENT

In the Motion to Supplement, Defendant requests that the court consider additional argument and case law in support of his Reply. *See* Motion to Supplement at 1-2. Defendant attached the proposed Addendum to Reply (docket no. 138-1) to the Motion to Supplement. For the reasons stated in the Motion to Supplement, the court shall grant the Motion to Supplement and consider the Addendum to Reply.

## V. MOTION FOR NEW TRIAL

In the Motion for New Trial, Defendant asserts that two alleged errors warrant the court vacating his conviction and granting him a new trial. First, Defendant argues that the court erred in denying his request for a lesser-included offense jury instruction on Count 2. *See* Motion for New Trial at 1-2. Second, Defendant argues that the court impermissibly allowed the government to constructively amend the Indictment during trial. *See id*. at 2-4. The court shall address each argument in turn.

### A. Legal Standard

Federal Rule of Criminal Procedure 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The decision to grant a Rule 33 motion is within the sound discretion of the [d]istrict [c]ourt . . . ." *United States v. Amaya*, 731 F.3d 761, 764 (8th Cir. 2013) (quoting *United States v. Dodd*, 391 F.3d 930, 934 (8th Cir. 2004)). "When considering a motion for a new trial, a district court may 'weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict.'" *Id*. (quoting *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002)). However, "[m]otions for new trials are generally disfavored and will be granted only where a serious miscarriage of justice may have occurred." *United States v. Morris*, 817 F.3d 1116, 1121 (8th Cir. 2016) (quoting *United States v. Fetters*, 698 F.3d 653, 656 (8th Cir. 2012)). "Trial courts should 'exercise the Rule 33 authority sparingly and with caution.'" *United States v. Knight*, 800 F.3d 491, 504 (8th Cir. 2015) (quoting *Campos*, 306 F.3d at 579).

### B. Instruction on Lesser-Included Offense

At the close of the evidence, Defendant requested that the court instruct the jury on simple possession of heroin as a lesser-included offense to Count 2, possession with intent to distribute heroin. *See* Trial Transcript Vol. III (docket no. 143) at 64. The court found

4

that there was no basis for submitting an instruction on simple possession and denied Defendant's request. *See id*. at 66. In the Motion for New Trial, Defendant argues that the court's refusal to instruct on simple possession was an error that requires a reversal of his conviction and a new trial on Count 2. *See* Motion for New Trial at 2-4.

A defendant is entitled to an instruction on a lesser-included offense when:

> (1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) there is some evidence which would justify conviction of a lesser offense; (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) there is mutuality, i.e., a charge may be demanded by either the prosecution or defense.

*United States v. Dodd*, 473 F.3d 873, 876 (8th Cir. 2007). The government concedes that Defendant satisfied the first, second and fifth prongs. *See* Resistance at 7. Thus, the court shall only examine the third and fourth prongs.

Defendant testified that although he possessed heroin, he believed that it was cocaine at the time of purchase and possessed it for his own personal use. *See* Trial Transcript Vol. III at 48-49. Defendant argues that this testimony created a dispute in the evidence of his intent to distribute sufficient for the jury to convict him of simple possession. *See* Brief in Support of the Motion for New Trial ("New Trial Brief") (docket no. 135-1) at 6. Defendant's argument ignores that he repeatedly testified that he intended to return the heroin to the man he bought it from in exchange for cocaine. *See* Trial Transcript Vol. III at 48, 51-52, 61. Defendant's own testimony established that he possessed the heroin with the intent to distribute it, i.e. transfer it to another person. *See* 21 U.S.C. §§ 802(8), 802(11), 841(a)(1); *see also United States v. Fregoso*, 60 F.3d 1314, 1325 (8th Cir. 1995) ("No 'sale' is required to violate [§ 841(a)(1)]."). In light of this testimony, the court denied Defendant's request for the instruction.

5

Defendant argues that the court improperly weighed the trial testimony in making its ruling. *See* New Trial Brief at 3. However, the court did not weigh the testimony or base its decision on what testimony was more credible. Rather, the court examined all of the testimony and determined that the lesser-included offense instruction was not rationally supported by the evidence. "[A] defendant is not entitled to a lesser-included offense instruction unless the evidence adduced at the trial provides a rational basis upon which the jury could find him not guilty of the greater but guilty of the lesser offense." *United States v. Eagle Elk*, 658 F.2d 644, 648 (8th Cir. 1981).

In this case, there was no rational basis for the jury to believe that Defendant possessed heroin but did not have the requisite intent to distribute it to another person. There was no testimony or evidence that Defendant intended to keep and possess the heroin for his personal use without ever transferring it to another person. *See Fregoso*, 60 F.3d at 1325. There was no evidence that would have justified conviction of simple possession, and there was no dispute in testimony as to Defendant's intent to distribute heroin. Defendant failed to establish either the third or fourth prong necessary for a lesser-included offense instruction. The court, therefore, made no error in denying the requested instruction. Accordingly, the court shall deny the Motion for New Trial as to the requested lesser-included offense jury instruction.

### C. Constructive Amendment

Defendant asserts that he is entitled to a new trial because Count 1 of the Indictment was constructively amended during trial. *See* Motion for New Trial at 2-4. Count 1 of the Indictment charges that Defendant "did knowingly and intentionally distribute a mixture or substance containing a detectable amount of heroin . . . and a mixture or substance containing a detectable amount of cocaine" and that "the death of E.M. resulted from the use of controlled substances [D]efendant distributed." Indictment at 1-2. The court instructed the jury that, in order to find Defendant guilty, they must find that

Defendant "intentionally transferred heroin and/or cocaine to E.M." Jury Instructions (docket no. 117) at 14. The court further instructed the jury that, if they found Defendant "guilty of distributing heroin and/or cocaine," they must determine "whether E.M. died as a result of using the heroin and/or cocaine that . . . [D]efendant distributed to her." *Id*. at 15. Defendant now argues that the court's instructions "altered the essential elements [of] the charged offenses in the [I]ndictment." New Trial Brief at 8. Specifically, Defendant argues that an essential element was removed because the Indictment charged him with distributing cocaine and heroin in the conjunctive, but the jury was permitted to convict him of distributing cocaine or heroin in the disjunctive. *See id*. at 8-9.

"[A]fter an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 215-16 (1960). "A constructive amendment, which is reversible error *per se*, occurs when the essential elements of the offense set forth in the indictment are altered, either actually or in effect, by the prosecutor or the court after the grand jury has passed upon them." *United States v. Novak*, 217 F.3d 566, 574 (8th Cir. 2000) (quotations and alteration omitted). However, a difference in language between an indictment and a jury instruction is not a constructive amendment *per se*, and does not constitute error where "what [is] removed from the case [is] in no way essential to the offense on which the jury convicted." *United States v. Miller*, 471 U.S. 130, 145 (1985).

There was no error in the court's instruction. It is well-established that "the government can prove its case in the disjunctive where the indictment alleges, in the conjunctive, that the defendant committed the same offense . . . more than one way." *United States v. Spencer*, 592 F.3d 866, 875 (8th Cir. 2010). "Where a statute specifies two or more ways in which an offense may be committed . . . all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the acts conjunctively charged may establish guilt." *United States v. Mohr*, 728 F.2d 1132, 1135 (8th Cir. 1984). In this case, Defendant was charged in Count 1 with violating 21 U.S.C.

§ 841(a)(1), which makes it a crime to "knowingly or intentionally . . . distribute . . . a controlled substance." 21 U.S.C. § 841(a)(1). Both cocaine and heroin are controlled substances for purposes of § 841(a)(1). *See id*. §§ 812(c), sched. I(b)(10), sched. II(a)(4) (defining heroin and cocaine as "controlled substances"). Thus, one may violate § 841(a)(1) by distributing either cocaine or heroin. It was proper for the court, therefore, to instruct the jury in the disjunctive despite the Indictment listing cocaine and heroin in the conjunctive.

Defendant relies heavily on *Stirone*, but his reliance is misplaced. In *Stirone*, the defendant was charged with interfering with the movement of sand in interstate commerce. *See Stirone*, 361 U.S. at 213-14. The district court judge instructed the jury that they could find the defendant guilty for interfering with the movement of sand or steel in interstate commerce, despite interference with steel not having been presented to a grand jury or mentioned in the indictment. *See id*. at 214. The United States Supreme Court found that this "variation between pleading and proof . . . destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury" because it was impossible to know whether "the grand jury would have been willing to charge that [the defendant's] conduct would interfere with interstate exportation of steel." *Id*. at 217. In this case, by contrast, the court did not instruct the jury that they could convict Defendant based on a ground not set forth in the Indictment, but rather instructed that the jury could convict on either of the alternative grounds contained within the Indictment. *See Miller*, 471 U.S. at 136 ("As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime.").

This case bears striking similarity to *United States v. Moore*, 184 F.3d 790 (8th Cir. 1999). In *Moore*, the defendant was charged by Indictment with conspiracy to distribute marijuana and methamphetamine, but the jury was instructed to convict if they found that

the defendant conspired to distribute marijuana or methamphetamine. *See Moore*, 184 F.3d at 793. The Eighth Circuit concluded that it was proper to instruct the jury on multiple controlled substances in the disjunctive, despite the conjunctive language of the indictment. *See id.*; *see also United States v. Lueth*, 807 F.2d 719, 733-34 (8th Cir. 1986) (concluding that "[t]he trial judge did not err in instructing the jury in the disjunctive"). Defendant argues that, because he is charged with distribution, those cases charging conspiracy are distinguishable, and that the Indictment must be read to charge him with distribution of both heroin and cocaine.[2] *See* Reply at 8-9. Defendant does not explain this distinction, and, as discussed above, the argument is directly at odds with a plain reading of the statute and relevant case law. The court finds no error with the Jury Instructions and no ground to disturb the jury's verdict. Accordingly, the court shall deny the Motion for New Trial.

## VI. MOTION FOR JUDGMENT OF ACQUITTAL

In the Acquittal Motion, Defendant asserts two grounds on which he claims he is entitled to a judgment of acquittal as to Count 1. First, Defendant argues that the government failed "to prove beyond a reasonable doubt that heroin was the but-for caus[e] of E.M.'s death." Acquittal Motion at 1. Second, Defendant argues that his conviction on Count 1 was legally invalid because the jury did not find that Defendant distributed both

---

[2] In his Reply, Defendant references "the duplicity of Count 1" and states that Count 1 of the Indictment actually contains two charges. Reply at 8. Defendant does not appear to raise this as a ground for challenging his conviction and states that he had "strategic reasons" for choosing not to challenge it before trial. *Id*. To the extent that Defendant is raising the issue of duplicity, the issue has been waived. *See United States v. Prescott*, 42 F.3d 1165, 1167 (8th Cir. 1994) (holding that "the failure to object to duplicitous counts [before trial] is a waiver of that defense"). Even if the issue were not waived, Count 1 is not duplicitous because, as in *Moore*, specifying both controlled substances merely recites the multiple ways that Defendant may have committed the offense. *See Moore*, 184 F.3d at 794 ("Enumerating [two] controlled substances did not render count I duplicitous.").

9

heroin and cocaine. *See id.* at 3. The court shall address each argument in turn.

## A. Legal Standard

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. *See* Fed. R. Crim. P. 29(c). Jury verdicts are not lightly overturned. *See, e.g.*, *United States v. Peneaux*, 432 F.3d 882, 890 (8th Cir. 2005); *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). The court must view the evidence in the light most favorable to the government and draw all reasonable inferences in the government's favor. *See United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). The court must uphold the jury's verdict so long as a reasonable-minded jury could have found the defendant guilty beyond a reasonable doubt. *See id.* Moreover, the court "must uphold the jury's verdict even where the evidence 'rationally supports two conflicting hypotheses' of guilt and innocence." *Id.* (quoting *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004)). It is not the province of the court to evaluate the credibility of witnesses—that task is for the jury. *See United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004).

## B. Causation

Defendant frames his first argument as one of evidentiary sufficiency, stating that "the evidence in his trial in regards to Count 1 . . . was insufficient to prove beyond a reasonable doubt that heroin was the but-for caus[e] of E.M.'s death." Acquittal Motion at 1. However, Defendant offers no argument as to why the evidence was insufficient. Rather, he only argues that the court incorrectly instructed the jury by "refus[ing] to submit the question of 'but-for' [causation] to the jury." *Id.* at 2. The court notes that defects in jury instructions are not a ground for a judgment of acquittal, as Federal Rule of Criminal Procedure 29 authorizes a judgment of acquittal only where "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Because Defendant is

proceeding pro se, however, the court will liberally construe this argument as an additional motion for a new trial. *See United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) ("A document filed pro se is to be liberally construed." (quotation omitted)). As stated above, the court has broad discretion in considering a motion for a new trial, but should grant such a motion only where a miscarriage of justice has occurred. *See supra* Section V(A).

Defendant claims that the Jury Instructions failed to advise the jury of each essential element of Count 1. *See* Brief in Support of the Acquittal Motion ("Acquittal Brief") (docket no. 134-1) at 4. He asserts that the court should have used his proposed instruction defining the elements of distribution of a controlled substance resulting in death. *See id.* at 3-4. Defendant also contends that the court's instruction omitted the element of causation, thereby allowing the jury to find him guilty without "a jury determination that [he was] guilty of every element of the crime with which he [was] charged." *Id.* at 4-5 (quoting *United States v. Gaudin*, 515 U.S. 506, 510 (1995)).

Defendant's argument is misplaced. "[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973). "[A] verdict will stand . . . if the instructions 'taken as a whole adequately advise the jury of the essential elements of the offenses charged and the burden of proof required of the government.'" *United States v. White*, 863 F.3d 784, 790 (8th Cir. 2017) (quoting *United States v. Pereyra-Gabino*, 562 F.3d 322, 328 (8th Cir. 2009)). Here, the court's instructions, taken as a whole, adequately advised the jury of the elements of the offense. Instruction No. 13 defined the elements of distribution of a controlled substance, namely that Defendant: (1) "intentionally transferred heroin and/or cocaine to E.M."; and (2) "knew that it was a controlled substance." Jury Instructions at 14. Instruction No. 14 advised the jury that, if they found Defendant guilty of distribution of a controlled substance, they must then determine whether E.M. died as a result of using the controlled substance distributed by

Defendant. *See id*. at 15. The instruction defined both "but-for" causation and "independently sufficient" causation, and advised that the government bore the burden to prove either alternative. *See id*. at 15-16. Taken in total, these instructions properly and sufficiently informed the jury of the elements of the charge.

Defendant also argues that the Interrogatory Form for Count 1 was defective because it did not "contain the essential element of 'but for' cause of death [as a] question for the jury." Acquittal Brief at 8. The Interrogatory Form asked the jury whether the government had proven that E.M.'s death "resulted from" the use of heroin and/or cocaine distributed by Defendant. Jury Verdict at 3. The court had already instructed the jury that "resulted from" meant being either the "but-for" or "independently sufficient" cause of E.M.'s death. *See* Jury Instructions at 15-16. Defendant does not cite, and the court is unaware of, any authority suggesting that the jury must be reinstructed on the elements of an offense in an interrogatory form. The argument runs counter to the well-established principle that jury instructions are to be evaluated as a whole. *See, e.g.*, *White*, 863 F.3d at 790.

Moreover, there would have been no reason for the court to specifically inquire only as to whether the jury found that the controlled substance was the "but-for" cause of E.M.'s death because the government could also prove Defendant's guilt by establishing independently sufficient causation. The United States Supreme Court has said that distribution of a controlled substance resulting in death "has two principal elements: (i) knowing or intentional distribution of [a controlled substance] and (ii) death caused by ('resulting from') the use of that drug." *Burrage v. United States*, 571 U.S. ___, ___, 134 S. Ct. 881, 887 (2014) (citations omitted). In *Burrage*, the Supreme Court rejected the government's argument that "resulting from" could include instances in which a controlled substance was a "substantial" or "contributing" factor in the victim's death, but was neither a necessary nor sufficient factor in the victim's death. *See id*. at 891. The Supreme Court held that "at least where use of the drug distributed by the defendant is not

12

an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Id*. at 892.

Defendant's argument overlooks the subordinate clause of the holding in *Burrage*. The Supreme Court acknowledged that tort law has long recognized that occasionally "multiple sufficient causes independently, but concurrently, produce a result." *Id*. at 890. Consequently, the Supreme Court delineated two separate definitions of "results from" for purposes of § 841(b)(1)(C): "but-for" causation and independently sufficient causation. Thus, there are two valid theories under which the government could have proven Defendant's guilt, and the court instructed the jury on both. The Interrogatory Form, therefore, contained no defect. Accordingly, the court shall deny the Acquittal Motion as to this issue.

### C. Heroin and Cocaine

Defendant asserts that, because the Indictment charges him with distribution of heroin and cocaine in the conjunctive, the government was required to prove that he distributed both heroin and cocaine in order for the jury to convict him on Count 1. *See* Acquittal Brief at 10-11. The jury found that Defendant distributed heroin, but not cocaine, to E.M., and that E.M.'s death resulted from the heroin that Defendant had distributed to her. *See* Jury Verdict at 2-3. Defendant argues, therefore, that the evidence was insufficient to convict him on Count 1 because the jury did not find beyond a reasonable doubt that he distributed cocaine. *See* Acquittal Brief at 11-12.

Defendant's argument rests on the same faulty premise as his prior argument that he is entitled to a new trial because the government was allowed to constructively amend the Indictment. As previously discussed, the government is permitted to argue and prove alternative theories for the same crime in the disjunctive, even if the indictment charges them in the conjunctive. *See, e.g.*, *Spencer*, 592 F.3d at 875. Contrary to Defendant's assertion, he was not convicted of half of one crime. Rather, he was convicted of one

13

crime under one of two theories presented as to how the crime was committed. The court shall deny the Acquittal Motion as to this issue for the same reasons it shall deny the Motion for New Trial as to the issue of constructive amendment. *See supra* Section V(C).

## *VII. CONCLUSION*

In light of the foregoing, the court **ORDERS**:

(1) The Acquittal Motion (docket no. 134) is **DENIED**;

(2) The Motion for New Trial (docket no. 135) is **DENIED**; and

(3) The Motion to Supplement (docket no. 138) is **GRANTED**.

**IT IS SO ORDERED**.

**DATED** this 22nd day of May, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA